UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT JAMES REPELLA, on behalf of A.R., a minor, | : |
| | : CIVIL ACTION NO. 3:19-CV-469 |
| Petitioner, | : (JUDGE MARIANI) |
| | : (Magistrate Judge Saporito) |
| v. | : |
| LUZERNE COUNTY C & Y SERVICES, | : |
| Respondent. | : |

## ORDER

*Background of This Order*

  Here the Court considers Magistrate Judge Joseph Saporito's Report and Recommendation ("R&R") (Doc. 17) in which he recommends that Respondent Luzerne County Children & Youth Services' Motion to Dismiss Petitioner Scott Repella's Petition for Writ of Habeas Corpus, Filed on Behalf of A.R., a Minot (Doc. 13) be granted and the Petition be dismissed for lack of subject matter jurisdiction (Doc. 17 at 3). He also recommends that the Court decline to issue a certificate of appealability because Petitioner "has failed to demonstrate 'a substantial showing of the denial of a constitutional right.'" (*Id.* (quoting 28 U.S.C. § 2253(c)(2); citing *Buck v. Davis*, 137 S. Ct. 759, 773-75 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).)

  Magistrate Judge Saporito's recommendation is based on his finding that the 28 U.S.C. § 2254 Petition alleging that A.R. was being illegally detained by the Luzerne County

Children & Youth Services ("Luzerne CYS") challenges the state court judgment terminating Petitioner Repella's parental rights and, because A.R. has not been in the custody of Luzerne CYS since December 16, 2010, at the latest, this Court lacks subject matter jurisdiction in this matter. (Doc. 17 at 1-2 (citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 510-12 (1982) (no federal jurisdiction where children are in the "custody" of foster or adoptive parents.)).) To Petitioner's assertion that the facts of this case warrant an exception to the jurisdictional rule, Magistrate Judge Saporito found that "federal courts have 'no authority to create equitable exceptions to jurisdictional requirements.'" (Doc. 17 at 2-3 (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007); citing *Gutierrez v. Gonzales*, 125 Fed. App'x 406, 412 (3d Cir. 2005) ("It is without dispute that § 2241(c)'s custody requirement is jurisdictional. . . . [T]he District Court's powers in equity cannot be used to cure a jurisdictional defect . . . .")).)

With Petitioners [sic] Objections to the Report and Recommendation to Dismiss (Doc. 18), he attempts to distinguish the Supreme Court's holding in *Lehman* with reference to dissenting opinions in the Third Circuit case which was under consideration. (*Id.* at 2 (citing *Lehman v. Lycoming Cty. Children's Servs. Agency*, 648 F.2d 135, 163, 177 (3d Cir. 1981)).) Petitioner's reliance on the appellate court dissenting opinions of Judge Rosen and Judge Gibbons is unavailing in that the United States Supreme Court unequivocally held that "§ 2254 does not confer federal-court jurisdiction" allowing consideration of collateral challenges to state-court judgments terminating parental rights. 458 U.S. at 515-

2

16. Thus, Magistrate Judge Saporito properly found that this Court lacks jurisdiction to consider Petitioner's present action.

ACCORDINGLY, THIS _____ DAY OF FEBRUARY 2020, IT IS HEREBY ORDERED THAT:

1. The R&R (Doc. 17) is **ADOPTED** for the reasons set forth therein;
2. Petitioner's objections to the R&R (Doc. 18) are **overruled**;
3. Respondent Luzerne County Children & Youth Services' Motion to Dismiss Petitioner Scott Repella's Petition for Writ of Habeas Corpus, Filed on Behalf of A.R., a Minot (Doc. 13) is **GRANTED**;
4. The 28 U.S.C. § 2254 Petition is **DISMISSED WITH PREJUDICE**;
5. There is no basis for the issuance of a certificate of appealability.
6. The Clerk of Court is directed to **close this case**.

Robert D. Mariani
United States District Judge